**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

UNITED STATES OF AMERICA

v.

                                                    CRIMINAL ACTION NO.: 2:19-cr-00302

DEANDRE DONTE COLEMAN


**<u>MEMORANDUM OPINION AND ORDER</u>**

The Court is in receipt of the attached, handwritten letters from Defendant Deandre Donte Coleman requesting a copy of his docket sheet. Mr. Coleman requests the document in service of his desire to appeal his revocation sentence, given his counsel's alleged failure to do so.

**I.**

On November 14, 2025, the court entered judgment, revoking Mr. Coleman's supervised release and sentencing him to twenty-four (24) months imprisonment, with no additional term of supervision to follow. [ECF 87]. At the revocation hearing, Mr. Coleman was advised of his right to appeal the Court's sentence within fourteen (14) days of the entry of judgment. No appeal was filed. Mr. Coleman asserts he instructed his attorney to notice an appeal at the conclusion of his revocation hearing, but she never did. Though the time to appeal has since lapsed, Mr. Coleman seeks to appeal his sentence given his counsel's alleged ineffective assistance in failing to timely notice an appeal and, what he asserts, was a "a harsh punishment . . . way over" his applicable Guideline range.

**II.**

Upon review, the Court construes Mr. Coleman's letters as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and **DIRECTS** the Clerk to docket the same in a new, companion Civil Action. Further, assuming without deciding Mr. Coleman's counsel

ignored his unequivocal instruction to appeal his sentence, the Court concludes it is in the interest of justice to grant Mr. Coleman's § 2255 Motion for the limited purpose of vacating and reentering his judgment to allow him to timely notice an appeal. Indeed, our Court of Appeals has held "that an attorney renders constitutionally ineffective assistance of counsel if [s]he fails to h[er] client's unequivocal instruction to file a notice of appeal . . ." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000) (holding "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.")

### III.

Based on the foregoing discussion respecting the merits, the Court **ORDERS** as follows:

1. Mr. Coleman's letter-form § 2255 Motion is **GRANTED**; and

2. The Revocation of Supervised Release and Judgment Order [**ECF 87**] in Criminal Action No. 2:19-cr-00302 is **VACATED** and shall be **REENTERED** for the purpose of starting anew the period in which Mr. Coleman may file a timely notice of appeal.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 13, 2026

Frank W. Volk
Chief United States District Judge